UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE RAY COBELL,<br><br>        Petitioner,<br><br>v.<br><br>WARDEN JOHANNA SMITH,<br><br>        Respondent. | Case No. 1:10-cv-000159-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court in this habeas corpus matter is Respondent's Motion for Partial Summary Dismissal.[1] (Dkt. 15.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 8.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth below, the Court will grant Respondent's Motion and dismiss Claim 3 in the original Petition and all of the claims in the Supplemental Petition as procedurally defaulted.

---

[1] Respondent's Second Motion for Extension of Time to File Answer or Pre-Answer Motion to Dismiss (Dkt. 14) is granted, and Respondent's Motion for Partial Summary Dismissal is timely.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In the early morning hours of November 12, 2007, Petitioner, then 72 years of age, forced his 20-year-old grand-niece to engage in sexual activity with him. (State's Lodging B-4, pp. 1-2.) Based on this incident, the State charged Petitioner with one count of rape and one count of penetration by a foreign object, and he was convicted on both counts after a jury trial. The district court sentenced him to concurrent terms of life in prison, with the first ten years fixed. (State's Lodging A-1, pp. 80-81.)

On direct appeal, Petitioner argued that (1) the district court violated his Fifth Amendment rights when it allowed the prosecutor to cross-examine him in a manner that permitted the jury to infer guilt from his previous silence, (2) prosecutorial misconduct deprived him of his Fourteenth Amendment right to due process of law, (3) cumulative error rendered the trial fundamentally unfair, and (4) the district court abused its discretion under state law in sentencing Petitioner to life in prison with ten years fixed. (State's Lodging B-1, pp. 8-32.) The Idaho Court of Appeals found no reversible error and affirmed Petitioner's convictions and sentences. (State's Lodging B-4.) The Idaho Supreme Court declined to review the case. (State's Lodgings B-7.)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court, raising three claims of constitutional error. (Dkt. 1.) Claims 1 and 2 in the Petition generally correspond to the first two claims that Petitioner raised during his direct appeal in state court. (Dkt. 1, pp. 2-3.) In his third claim, Petitioner contends that his concurrent sentences of ten years to life amount to cruel and unusual punishment, in violation of the

Eighth Amendment. (Dkt. 1, p. 3.) This Court conducted an initial review of the Petition and ordered Respondent to submit a response. (Dkt. 5.)

While the federal matter was pending, Petitioner returned to state court and raised numerous claims in a petition for post-conviction relief. (State's Lodging C-5.) The state court eventually dismissed the petition without an evidentiary hearing, and Petitioner did not appeal from that decision. (State's Lodging C-5, p. 3; State's Lodging C-6.) Instead, he lodged a Supplemental Petition in this Court, in which he reiterates the allegations in the original Petition and includes new claims of ineffective assistance of trial and appellate counsel. (Dkt. 12.)

Respondent has now responded to the Petition and the Supplemental Petition by filing the pending Motion for Partial Summary Dismissal. (Dkt. 15.) Respondent claims that Petitioner did not properly exhaust the Eighth Amendment claim in the original Petition (Claim 3) or any of the new claims in the Supplemental Petition in the state courts, and that these claims must be dismissed as procedurally defaulted. (Dkt. 11-1, pp. 5-10.)

Petitioner has filed a response to the Motion (Dkt. 17), which the Court has considered, and the Court is prepared to issue its ruling.

## STANDARD OF LAW

Habeas relief is available to prisoners who are being held in custody pursuant to a state court judgment in violation of the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 2254(a), but a habeas petitioner must exhaust all of his remedies in the

**MEMORANDUM DECISION AND ORDER - 3**

state courts before a federal court can grant relief on a federal claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Boerckel*, 526 U.S. at 845.

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim, and general references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court now would refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S.

722, 729-30 (1991).

A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice has occurred in his case because he is actually innocent of the offense. *Coleman*, 501 U.S. at 750. To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to [his] actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

Respondent does not seek dismissal of Claims 1 and 2 in the Petition, and those claims are not at issue. With respect to Claim 3, Respondent argues that, although Petitioner presented a sentencing claim to the Idaho appellate courts, he framed the issue solely as a state law claim and did not cite the Eighth Amendment. (Dkt. 15-1, p. 7.) Respondent further contends that Petitioner did not fairly present any of the claims in the Supplemental Petition to the Idaho Supreme Court, because, while Petitioner asserted the same grounds in the post-conviction petition in the state district court, he did not appeal from the dismissal of that action. (Dkt. 15-1, p. 9.) Proper exhaustion requires a state prisoner to raise the same constitutional claims in the highest state court for which review

**MEMORANDUM DECISION AND ORDER - 5**

is available. *See Boerckel*, 526 U.S. at 845.

Petitioner does not seriously dispute that he failed to properly exhaust these claims (Dkt. 17), and after reviewing the state court record, the Court agrees. If Petitioner attempted to return to state court and file another application for post-conviction relief, the state court would dismiss the application as successive or untimely. *See* Idaho Code § 19-4902(a). As a result, these claims are procedurally defaulted in this proceeding. *Gray v. Netherland*, 518 U.S. 152, 161 (1996).

Petitioner nonetheless argues that any default should be excused. He contends that his appointed counsel "omitted issues" from the appeal in state court and that Petitioner himself "may have omitted issues" because he had "no law library or resources to know what issues to file or when to file them[,] or how to file them." (Dkt. 17, pp. 1-2.) He appears to offer these reasons – ineffective assistance of counsel and deficiencies in the prison's legal resources – as the "causes" that excuse his failure to raise the claims at the correct time and in the correct manner in the state courts. The Court is not persuaded.

A criminal defendant generally bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486 (1986). Rather, only a violation of the defendant's constitutional right to the effective assistance of counsel will be attributable to the state. *Id*. at 488-89. In other words, counsel's failure to preserve another constitutional claim in state court will amount to a valid cause for the default of that claim in a habeas

**MEMORANDUM DECISION AND ORDER - 6**

proceeding only when counsel's error is, itself, an independent constitutional violation. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Here, Petitioner's appellate counsel raised four non-frivolous issues on direct appeal and persuaded the Idaho Court of Appeals that errors had occurred during the trial, but the Court of Appeals was not convinced that the errors warranted reversal. (State's Lodging B-4, p. 10.) Petitioner has not specified which other potentially meritorious claims he believes that his counsel omitted, and he simply has not demonstrated that his counsel was constitutionally ineffective. *See Jones v. Barnes*, 463 U.S. 745, 751-54 (1983) (holding that appellate counsel has no duty to raise every non-frivolous issue on appeal). But even if he could show that he was deprived of the effective assistance of counsel, such a claim serves as a cause excusing a procedural default in a federal habeas proceeding only when it has also been properly exhausted and is free of procedural default. *Edwards*, 529 U.S. at 454. Because Petitioner did not appeal from the dismissal of his post-conviction action, he has never presented claims of ineffective assistance of counsel in any form to the Idaho appellate courts.

Petitioner's argument that limited access to legal assistance in prison prevented him from fairly litigating his claims also does not establish cause to excuse the default. The Constitution does not mandate that state prisons stock full law libraries or offer legal services; it requires only that prison officials provide inmates with minimal assistance to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). Petitioner does not contend that he lacked the necessary forms or other materials for preparing and

**MEMORANDUM DECISION AND ORDER - 7**

submitting his pleadings in the state courts, and that is all that is required. Although the Court is not unsympathetic to the difficulties facing pro se litigants, a lack of legal knowledge is not uncommon among the inmate population, and ignorance of the law will not excuse an inmate's failure to comply with a state's procedural rules for raising claims. *See, e.g., Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (pro se status is not cause for a default).

Finally, Petitioner asks the Court to appoint counsel to assist him in making additional arguments. (Dkt. 17, p. 4.) The Court has reviewed the record for any other arguable basis for cause and prejudice, and it has found none. Accordingly, the Court concludes that counsel would not assist Petitioner in putting forth a stronger case for excusing his procedural default. Petitioner's request is denied.

Based on the foregoing, Respondent's Motion for Partial Summary Dismissal will be granted.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Answer or Pre-Answer Motion to Dismiss (Dkt. 14) is GRANTED. Respondent's Motion for Partial Summary Dismissal is deemed timely filed.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 15) is GRANTED. Claim 3 in the Petition for Writ of Habeas Corpus and all claims in the "Supplemental to Petition Claims" (Dkt. 12) are DISMISSED

with prejudice as procedurally defaulted.

3. No later than **60 days** from the date of this Order, Respondent shall file an answer addressing the remaining claims in the Petition. The answer should contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of each claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

DATED: July 18, 2011

Honorable Candy W. Dale
United States Magistrate Judge