UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EUGENE RAY COBELL<br><br>     Petitioner,<br><br>v.<br><br><br>WARDEN JOHANNA SMITH,<br><br>     Respondent. | Case No. 1:10-cv-00159-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Previously in this habeas corpus matter, the Court dismissed as procedurally defaulted Petitioner's third claim in his Petition for Writ of Habeas Corpus and all of the claims in his Supplemental Petition. (Dkt. 19, p. 8.) Respondent has since filed an Answer (Dkt. 24), Petitioner has submitted a Reply (Dkt. 25), and the Petition is now at issue. The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 8.) The Court finds that decisional process would not be aided by oral argument, and it will resolve this matter on the record after consideration of the parties' written submissions. D. Idaho L. Civ. R. 7.1(d).

  For the reasons set forth below, the Court concludes that Petitioner is not entitled to habeas relief, and the Petition will be dismissed.

## BACKGROUND

  In the early morning hours of November 12, 2007, Petitioner, then 72 years of age,

**MEMORANDUM DECISION AND ORDER - 1**

forced his 20-year-old grand-niece to have sex with him. (State's Lodging B-4, pp. 1-2.) Based on this incident, the State charged him with one count of rape and one count of penetration by a foreign object. (State's Lodging A-1, pp. 7-8.) He was convicted on both counts, and the district court sentenced him to concurrent terms of life in prison, with the first ten years fixed. (State's Lodging A-1, pp. 80-81.)

On direct appeal, Petitioner argued, in relevant part: (1) that the district court violated his constitutional rights when it allowed the prosecutor to cross-examine him in a manner that permitted the jury to infer his guilt from his silence after he had been given *Miranda* warnings; and (2) that prosecutor committed prejudicial misconduct on cross-examination and in closing argument that deprived him of his Sixth and Fourteenth Amendment rights to a fair trial. (State's Lodging B-1, pp. 8-32.) While the Idaho Court of Appeals agreed with Petitioner that one question the prosecutor had asked him on cross-examination violated his constitutional rights, it found that the error was harmless beyond a reasonable doubt. (State's Lodging B-4, pp. 5-6.) The Idaho Court of Appeals rejected the prosecutorial misconduct claim, finding no fundamental error. (State's Lodging B-4, pp. 8-9.) Petitioner filed a petition for review, but the Idaho Supreme Court declined to review the case. (State's Lodgings B-7.)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court, raising three claims of constitutional error. (Dkt. 1.) Claims 1 and 2 generally correspond to the "use of silence" and prosecutorial misconduct claims that Petitioner raised during his direct appeal in state court. (Dkt. 1, pp. 2-3.) In his third claim, Petitioner contends that

**MEMORANDUM DECISION AND ORDER - 2**

his concurrent sentences of ten years to life amount to cruel and unusual punishment, in violation of the Eighth Amendment. (Dkt. 1, p. 3.) This Court conducted an initial review of the Petition and ordered Respondent to submit a response. (Dkt. 5.)

While the federal matter was pending, Petitioner returned to state court and raised numerous claims in a petition for post-conviction relief. (State's Lodging C-5.) The state court eventually dismissed the petition without an evidentiary hearing, and Petitioner did not appeal. (State's Lodging C-5, p. 3; State's Lodging C-6.) Instead, he lodged a Supplemental Petition in this Court, in which he reiterated the allegations in the original Petition and included new claims of ineffective assistance of trial and appellate counsel. (Dkt. 12.)

Respondent responded to the Petition and the Supplemental Petition with a Motion for Partial Summary Dismissal. (Dkt. 15.) The Court granted Respondent's Motion and dismissed, as procedurally defaulted, the Eighth Amendment claim in the original Petition (Claim 3) and all of the new claims in the Supplemental Petition. (Dkt. 11-1, pp. 5-10.)

The Court ordered Respondent to file an answer to Claims 1 and 2, which he has now done. (Dkt.24.) Petitioner has submitted a Reply (Dkt. 25), and the Court is prepared to issue its ruling.

## STANDARD OF LAW

The provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA) are applicable to this case. Under AEDPA, the Court cannot grant relief on any federal claim that the state court adjudicated on the merits, unless the state court's adjudication of

**MEMORANDUM DECISION AND ORDER - 3**

the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). Moreover, a federal habeas court's review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388,

**MEMORANDUM DECISION AND ORDER - 4**

1398 (2011).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court's decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## ANALYSIS

**1.      Claim 1 – The Prosecutor's Use of Petitioner's Silence**

At trial, Petitioner admitted that he and his grand-niece had engaged in sexual conduct, but he testified that it was consensual. This was the first time that he had asserted a defense of consent, and the prosecutor asked him several questions about his failure to come forward with an exculpatory story when he had an opportunity to do so before trial.

Petitioner's first claim in his Petition is that the prosecutor's cross-examination on this subject violated his constitutional rights because it allowed the jury to infer guilt from his previous invocation of his right to silence. The Idaho Court of Appeals agreed, but found the error to be harmless in light of the strength of the evidence against Petitioner and the isolated nature of the improper comment. This Court is persuaded by Respondent's argument that Petitioner cannot establish that the Idaho Court of Appeals' decision is contrary to or involved an unreasonable application of clearly established

**MEMORANDUM DECISION AND ORDER - 5**

federal law.

### A.     Clearly Established Supreme Court Precedent

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that whenever a criminal suspect is subjected to custodial interrogation, police officers must warn him of his right to remain silent and his right to counsel during an interrogation. *Id*. at 444. These warnings are intended to be a procedural safeguard to "secure the [Fifth Amendment] privilege against self-incrimination." *Id*. In *Doyle v. Ohio*, 426 U.S. 610 (1976), the Supreme Court determined that a criminal defendant who testifies at trial has a due process right not to be impeached on cross-examination about his failure to tell police officers his exculpatory version of the events after receiving *Miranda* warnings. *Id*. at 618-19. This is so because the warnings implicitly promise a suspect that his silence will carry no penalty. *Id*. at 617-19.

The key aspect of the due process right defined in *Doyle*, however, is that the suspect must be given *Miranda* warnings and then remain silent. A prosecutor is free to impeach a testifying defendant about his failure to tell his story to officers or others *before* he was "*Mirandized*," or even *after* his arrest if he was never given *Miranda* warnings. *See Jenkins v. Anderson*, 447 U.S. 231, 240 (1980) ("no governmental action induced petitioner to remain silent before arrest); *see also Fletcher v. Weir*, 455 U.S. 603, 605-07 (holding that impeachment with post-arrest silence is not a due process violation in the absence of *Miranda* warnings). Similarly, a defendant who chooses to speak to investigators but who later offers a different story at trial is not immune from a

**MEMORANDUM DECISION AND ORDER - 6**

prosecutor's cross-examination about why he failed to tell investigators the same version of the events when he was interviewed. *Anderson v. Charles*, 447 U.S. 404, 407-08 (1980). In that circumstance, the prosecutor is using the defendant's inconsistent statements as impeachment rather than his "silence." *Id*.

A *Doyle* violation, like most constitutional errors, is subject to harmless error analysis. That is, if a reviewing court concludes beyond a reasonable doubt that the error did not affect the jury's verdict, then the conviction may stand without offending the Constitution. *Chapman v. California*, 386 U.S. 18, 24 (1967).

### B.   Discussion

Here, the Idaho Court of Appeals accepted Petitioner's argument that the prosecutor violated his constitutional rights when she asked a question on cross-examination that implicated his post-*Miranda* silence. The court nonetheless concluded that the *Doyle* violation was harmless beyond a reasonable doubt.

In reaching its conclusion, the Idaho Court of Appeals found that the State's case against Petitioner was strong. It pointed to testimony from the victim's family members who said that the victim did not delay in reporting the assault to them and that she was highly agitated when she did so. (State' Lodging B-4, p. 6.) The description of the victim's emotional state was corroborated by the first police officers to arrive. (*Id*.) Additionally, a medical examination at the hospital revealed that the victim had injuries that were consistent with her version of the events. (*Id*.)

The Idaho Court of Appeals further concluded that any prejudice to Petitioner was

**MEMORANDUM DECISION AND ORDER - 7**

minimized because the constitutional violation consisted of a single question about post-*Miranda* silence that "fell within a long string of permissible questions attacking the credibility of [Petitioner's] testimony that the sexual encounter was consensual." (State's Lodging B-4, p. 6.) These other questions "highlighted inconsistencies in [Petitioner's] testimony with the version related on the night in question, including his pre-*Miranda* failure to claim that the encounter was consensual." (*Id*.) Petitioner had also opened the door to examination on the subject to a certain degree when he volunteered, during his direct examination, that he had decided not to speak to the police.[1]

For these reasons, the Idaho Court of Appeals was "convinced beyond a reasonable doubt that the jury would have found [Petitioner] guilty of rape and penetration with a foreign object absent the prosecutor's passing question implicating his post-*Miranda* silence at the police station." (State's Lodging B-4, p. 6.)

The state court's decision was not contrary to or an unreasonable application of clearly established federal law. This Court concurs with the state court that the record

---

[1]The Court notes that Petitioner waived an argument in state court that the prosecutor's questioning about his *pre*-arrest, *pre*-*Miranda* silence was improper. (State's Lodging B-3, p. 3; State's Lodging B-4, pp. 2-3.) Even if he had not waived the issue, the prosecutor's cross-examination about Petitioner's failure to tell the victim's mother and the responding police officer that the sexual encounter was consensual did not violate his constitutional rights because he had made statements to these witnesses and was not "silent" at that time. *See Anderson v. Charles*, 447 U.S. 404, 407-08 (1980). Because such a claim on this theory is plainly without merit, the Court sees no reason to address Respondent's argument that it is also procedurally defaulted. (Dkt. 24, pp. 6-10.)

In addition, although the government's use of a defendant's pre- or post-*Miranda* silence as substantive evidence of guilt in its *case-in-chief*, rather than to impeach a testifying defendant, would likely violate the defendant's Fifth Amendment privilege against self-incrimination, *see*, *e.g.*, *United States v. Velarde*, 269 F.3d 1023, 1030-31 (2001), that situation is not present in this case.

**MEMORANDUM DECISION AND ORDER - 8**

contains a strong case of Petitioner's guilt. Petitioner's testimony that his grand-niece – 52 years his junior – instigated and willingly engaged in sexual activity with him was highly implausible on its face and, more important, was not corroborated by any other evidence. The evidence also showed that there was no significant delay between the encounter and the victim's disclosure that might have bolster's Petitioner's claim that the victim consented before later fabricating a rape charge, and the victim seemed credible in light of her apparently genuine post-assault emotional state and the medical examination that followed. Petitioner's repeated claim that his medical condition made him impotent and incapable of full intercourse was immaterial, as the victim testified that he was partially flaccid during the encounter. Further minimizing the prejudicial sting from the prosecutor's improper cross-examination is that the question was buried among similar yet proper questions that contrasted Petitioner's new story with his protestations of innocence in the immediate aftermath of the event but before he had been *Mirandized*.

Accordingly, Petitioner is not entitled to habeas relief on Claim 1.

## 2.      Claim 2 – Prosecutorial Misconduct

In his second claim, Petitioner asserts that the prosecutor committed misconduct that deprived him of his right to a fair trial under the Sixth and Fourteenth Amendments. Part of his claim rests on the prosecutor's cross-examination of Petitioner using his post-*Miranda* silence; the remainder of the claim is based on aspects of the prosecutor's closing argument in which she focused on Petitioner's failure to tell his story when he had the chance before trial and when she stated that his impotence was "situational." The

**MEMORANDUM DECISION AND ORDER - 9**

Idaho Court of Appeals rejected these arguments after concluding that the prosecutor's use of silence, to the extent that it was improper, was harmless for the reasons that it had addressed in the *Doyle* discussion, and that while the prosecutor misstated the evidence on one occasion regarding Petitioner's impotence, it did not rise to a fundamental error. (State's Lodging B-4, pp. 8-9.)

This Court has reviewed the record and finds that the Idaho Court of Appeals' adjudication of the constitutional claim was reasonable. The scope of a prosecutorial misconduct issue on habeas review is a "narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974)). A prosecutor's comments or actions that may be considered inappropriate under the rules of fair advocacy, or even reversible error on direct review, do not warrant habeas relief unless the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643.

The Court has already concluded that the Idaho Court of Appeals' harmless error determination as to the *Doyle* violation was reasonable, and Petitioner cannot show that the remaining instances of alleged misconduct so infected his trial as to make it fundamentally unfair. The Court finds nothing unreasonable in the Idaho Court of Appeals' conclusion that, because Petitioner had made statements to the victim's mother and the first police officer to arrive on the scene, the prosecutor was permitted to comment about Petitioner's failure to tell them that the victim consented to the sexual

**MEMORANDUM DECISION AND ORDER - 10**

activity:

> [I]t is clear when read in context that the prosecutor was referencing the impeachment of [Petitioner's] story based on his different responses – the response to the victim's mother and the investigating officer when [Petitioner] stated that he did not rape the victim and he could not have raped her compared with the version [Petitioner] offered at trial that the encounter was consensual.

(State's Lodging B-4, p. 8.) There is no constitutional infirmity in a prosecutor's questions or comments about inconsistent or incomplete statements that a defendant has made to different witnesses at different times. And, although the prosecutor misstated the evidence regarding the permanency of Petitioner's impotence, the misstatement was inconsequential because his condition did not contradict the sexual conduct that had been described by the victim.

For these reasons, relief will also be denied on Claim 2.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal, the Court must on its own initiative has evaluated this case for suitability of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.

A habeas petitioner cannot appeal unless a COA has issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were

**MEMORANDUM DECISION AND ORDER - 11**

"adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

This Court does not believe that reasonable jurists would debate its determination that Petitioner is not entitled to habeas relief on Claims 1 and 2 and that the additional claims in his Petition were not properly exhausted and are now procedurally defaulted. The Court will not issue a COA, though Petitioner is advised that he may still seek one in the Ninth Circuit Court of Appeals pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must first file a timely notice of appeal in this Court.

## ORDER

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED.

2. A certificate of appealabilty will not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.



DATED: November 26, 2012

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**